# SUPREME JUDICIAL COURT

#### FOR THE

## COUNTY OF ESSEX, NOVEMBER TERM 1838, AT SALEM.

PRESENT:

Hon. LEMUEL SHAW, Chief Justice,
Hon. SAMUEL PUTNAM, ⎫
Hon. SAMUEL S. WILDE, ⎬ Justices.
Hon. MARCUS MORTON, ⎭

---

## Commonwealth *versus* Benjamin Kimball.

The defendant was convicted on an indictment for selling a quantity, less than fifteen gallons, of spirituous liquor, contrary to the provision in Revised Stat. c. 47, § 3, that *no person* shall sell *wine*, brandy, rum or other spirituous liquors, in a less quantity than *twenty-eight* gallons &c. without a license, on pain of forfeiting *twenty* dollars for each offence. Before judgment, the *St.* 1838, *c.* 157, was passed, enacting that no innholder, retailer, common victualler or *other person* shall sell any brandy, rum or other spirituous liquor, in a less quantity than *fifteen* gallons, on pain of forfeiting *not more* than *twenty* dollars *nor less* than *ten* dollars, for each offence, and "that the provisions of all laws now in force, inconsistent with this act, are hereby repealed." It was *held*, that in their application to the defendant's case, the two statutes were not inconsistent in respect to the seller and the kind and quantity of the liquors, but that in respect to the penalty they were inconsistent ; and the judgment was therefore arrested, there being no saving clause in the repealing statute, in regard to prosecutions then pending.

Shaw C. J. delivered the opinion of the Court. The *Nov. 8th* defendant having heretofore been indicted for violations of the law in respect to selling liquor without license, several exceptions were taken to his conviction on his trial in the Court of Common Pleas, which have been considered and overruled.

The public prosecutor now moves for judgment on this conviction, and it is resisted, on the ground, that since the trial, the law under which the conviction took place, has been repealed without any saving provision in regard to pending prosecutions, so that no judgment can now be rendered upon it. If the law has been repealed without a reservation as to existing prosecutions, it is very clear that no sentence can be awarded. *Commonwealth* v. *Marshall*, 11 Pick. 350. Whether the law, on which this conviction was had, is repealed or not, is a question of some difficulty, depending upon a careful analysis of the two acts, and the peculiar terms of the repealing clause, in the latter act.

The defendant was indicted upon the 47th chapter of the Revised Statutes. There were many counts in the indictment, on some of which the jury found him not guilty. The second, third and fourth counts, on which he was found guilty, charge, that on a day named, he did presume to be a seller of wine, rum, &c. and did sell to one A. B. in a less quantity than 28 gallons, to wit, two quarts, &c. charging some small quantity of spirituous liquor, in most instances naming the species, as rum, brandy and the like. The fifth and sixth counts, on which also he was found guilty, vary only in this, that they aver that he did presume to sell, and did sell to one A. B. &c. All these counts aver that the defendant was not licensed, and that the acts were done contrary to the form of the statute.

All these counts, although slightly differing in phraseology, are manifestly framed upon the 3d section of the 47th chapter of the Revised Statutes. It provides that no person shall presume to be a retailer or seller of wine, brandy, rum or other spirituous liquors, in a less quantity than 28 gallons, &c. without being first duly licensed. A previous section had provided under a heavier penalty, that no person should presume to be an innholder, common victualler, or seller of wine, brandy, rum or any other spirituous liquor, to be used in his house without license. In the case of *Commonwealth* v. *Thurlow*, argued and decided last year, in this county, it was held that this third section, although somewhat peculiar in its phraseology, was intended to prohibit every act of selling, by an unlicensed person, in a less quantity than 28 gallons, and that each act of

so selling, was a violation of the statute, and subjected the party doing it, to the penalty. The reasons for that construction will be found stated more at large in the case referred to.

As the indictment in the present case, does not charge the defendant with presuming to be an innholder or common victualler, the averments do not bring the case within the first section of the statute. But upon the construction put upon the third section, for the reasons stated in the case cited, the charge of presuming to be a seller, or of presuming to sell and actually selling, spirituous liquors, at a time and place and to a person specially named or described, in a less quantity than 28 gallons, is equivalent to the direct averment of selling without license. Thus the law stood at the time when it is averred that the offences here charged were committed, when the indictment was found and tried, and when this cause was formerly considered, upon the exceptions taken. Has this law been since repealed, by *St.* 1838, *c.* 157, § 4 ?

The act in question was passed in April last, and enacts " that the provisions of all laws now in force, inconsistent with this act, are hereby repealed." This act, with its re pealing clause, went into operation on the first day of July last, and is now in force ; and to this repeal, there is no saving clause. We are therefore brought directly to the question, whether the provisions of the statute of 1838 are inconsistent with those of the Revised Statutes, *c.* 47, § 3.

The former statute, as construed, prohibits any person, not licensed, from selling wine, brandy, rum or other spirituous liquors. The latter statute prohibits any person, not licensed, from selling any brandy, rum or other spirituous liquors. In this respect they are alike, except as to wine ; but as the charge against the defendant, is not the selling of wine, but spirituous liquors, this distinction is immaterial.

The former act provides, that *no person*, not licensed, shall sell &c., the latter provides, that no innholder, retailer, common victualler, *or other person*, except &c., shall sell. As the defendant is not charged as being a licensed innholder, retailer or common victualler, but the contrary, he must be considered as coming under the denomination of *other person*, and therefore this distinction is immaterial.

Again, the former statute prohibits the selling in a less quan-
tity than twenty-eight gallons, and the latter, in a quantity less
than fifteen gallons. But as each count in the indictment,
charges a sale in a less quantity than either twenty-eight or
fifteen gallons, this distinction does not affect the case, and the
two statutes are, in this respect, alike.

Upon this comparison, it is manifest, that the facts charged
in this case, would bring the offender under both the one and
the other of these statutes, inasmuch as they both agree in this,
that they prohibit any person, not licensed, from selling rum,
brandy or other spirituous liquor, in a less quantity than fifteen
gallons. These are two statutes passed at different times,
covering the present case. Are they inconsistent ? The for-
mer prohibits the forbidden act, under a penalty of twenty
dollars for each offence. The latter prohibits the same act, on
pain of forfeiting not more than twenty dollars, nor less than
ten dollars, for each offence. The former is absolute and
imperative ; the latter allows a latitude of discretion. It ap-
pears to the Court, that the one is essentially and substantially
inconsistent with the other. To illustrate this point, let us
suppose that the former statute had imposed a penalty of twenty
dollars absolutely, and the latter, one of ten dollars absolutely.
The latter statute, by prohibiting the same act under a lower
penalty, although no negative words are used, does in effect
declare, that it shall not be punished by the higher penalty, and
is therefore plainly inconsistent with it. The Court are of
opinion, that the penalties as they stand in the two acts, are
equally inconsistent. The former statute enacts, that the offence
shall be punished by a penalty of twenty dollars ; the latter
declares, that the same offence shall not necessarily be punished
by a penalty of twenty dollars, but by such penalty not more
than twenty nor less than ten dollars, as the court may direct.
The provision of the former, by which the penalty was fixed
for this offence, being thus inconsistent with the provisions of
the latter, is, by the terms of the latter, repealed. The result
may or may not be conformable to the actual intent of those
who passed the latter statute. We can only ascertain the legal
intent of the legislature, by the language which they have used,
applied and expounded conformably to the settled and well

known rules of construction. Thus expounded, it appears to is, that the provision of law imposing a penalty upon the act charged in the indictment, by the late statute, is inconsistent with that imposing a penalty in the earlier one ; and there being no saving clause, the former is repealed by the latter.

As this repeal results from the terms of the late statute, it is unnecessary to consider how far one statute operates as a repeal of another, by implication. Where one statute is enacted in the same terms as a former one, without a repealing clause, and without any change of provisions, it may perhaps be well maintained, that one is no repeal of the other, and that both are in force. Such a case will seldom happen, because a case can hardly be supposed, in which the legislature would have a motive to pass a new law, without some intent to change the existing law. But a case may be supposed, where, for the purpose of reducing several statutes into one, upon the same subject, the precise provisions of an existing statute, may be embodied into a new one. In such case, it might well be maintained, that a later act would not repeal a former one, so as to prevent a judgment from being passed upon an offence committed before the date of the latter, but upon which no judgment had passed, at the time of its enactment. But every statute is a repeal of all former ones by implication, so far as it is contrary and repugnant thereto, without a repealing clause.

*Judgment arrested.*

At the argument of the case, (on the 6th of November,) *Cushing, Rantoul* and *Ward*, cited to the point, that the provision on which the indictment was founded, was repealed, Bac. Abr. *Statute D ; Rex* v. *Cator,* 4 Burr. 2026 ; Dwarris on Statutes, 675.

*Austin,* Attorney-General, for the Commonwealth.